UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| AN AFRICAN-DESCENDENT (a/k/a DAMIEN JACKSON), | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. **1 07 0029**<br>) **JUDGE HAYNES** |
| UNITED STATES FEDERAL GOVERNMENT, ET AL., | )<br>)<br>) |
| Defendants. | ) |

### MEMORANDUM and ORDER

Before the Court is a *pro se* prisoner complaint brought under the common law pursuant to the Seventh Amendment of the United States Constitution. Plaintiff, an inmate at the Turney Center Industrial Prison ("Turney Center"), also has submitted an application to proceed *in forma pauperis*.

From a review of his application to proceed *in forma pauperis*, it appears that Plaintiff lacks sufficient financial resources to pay the filing fee. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will file the complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

Plaintiff is herewith assessed the civil filing fee of three hundred fifty dollars ($350.00). Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust fund account; **or**

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income, or income credited to Plaintiff's inmate trust fund account for the preceding month, but only when such monthly income exceeds ten dollars ($10.00). Such payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court as prescribed by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(b)(2).

The crux of Plaintiff's complaint is that the defendants have denied his constitutional right to file criminal charges against other individuals or entities. Plaintiff names the following as defendants to this action: 1) The United States Federal Government; 2) The United States Courthouse in Nashville, Tennessee; 3) The State of Tennessee; 4) the Hickman County Courthouse in Centerville, Tennessee; 5) Hickman County Circuit Court Clerk, Dana Nicholson; 6) the Hickman County Clerk's Office; and 7) Assistant Attorney General Joshua Barker.

The district court is a court of limited jurisdiction, with jurisdiction to adjudicate civil actions involving federal questions, 28 U.S.C. § 1331, and/or civil actions involving parties with diversity of citizenship where the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), 28 U.S.C. § 1332. Before an action may proceed in district court, it must be determined whether the complaint falls within the scope of the district court's subject matter jurisdiction. The district court is obliged to consider the matter of jurisdiction, *sua sponte* if necessary. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985).

Section 1332's congressionally conferred diversity jurisdiction requires complete diversity, *i.e.*, no party share citizenship with any opposing party. *See Safeco Ins. Co. of America v. City of White House*, 36 F.3d 540, 545 (6th Cir.1994). It is apparent from the defendants named in this action that diversity of citizenship is not complete. Therefore, the district court does not have

2

Case 1:07-cv-00029   Document 5   Filed 05/02/07   Page 2 of 4 PageID #: 158

jurisdiction under § 1332.

Whether the Court has jurisdiction under § 1331 depends on if Plaintiff's claim constitutes a federal question. Whether a federal question exists depends, in turn, on whether Plaintiff has a constitutional right to bring a criminal action against other individuals or entities. The law is settled that a private citizen such as Plaintiff has no constitutional right to bring a criminal action against other individuals or entities. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Younger v. Harris*, 401 U.S. 37, 42 (1971); *Baily v. Patterson*, 369 U.S. 31, 33 (1962); *Poe v. Ullman*, 367 U.S. 497, 501 (1961). Because Petitioner does not have a constitutional right to bring a criminal action against other individuals or entities, the Court does not have jurisdiction under § 1331.

Because the Court does not have subject matter jurisdiction in this matter, Plaintiff's complaint is DISMISSED for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). An appeal from the judgment rendered herein would not be taken in good faith. Therefore, Plaintiff is NOT certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-46 (1962). Nevertheless, should Plaintiff decide to file a notice of appeal, he either must pay the Clerk of Court the full appellate filing fee of four hundred fifty-five dollars ($455.00), or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the six (6) month period preceding the filing of his notice of appeal. 28 U.S.C. §§ 1915(a)(1) and (a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

The Clerk is instructed to forward a copy of this Order to the Warden at Turney Center to

3

ensure that the custodian of Plaintiff's inmate trust fund account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees.

It is so **ORDERED**.

**ENTERED** this the _____ day of May, 2007.

_____
William J. Haynes, Jr.
United States District Judge

4